IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:24-cr-287-TES-JTA-4 |
| | ) | |
| SAUNDRA CURRY | ) | |

## **O R D E R**

On September 19, 2024, the United States Magistrate Judge entered a Report and Recommendation (Doc. 165) concerning Defendant Saundra Curry's plea of guilty. Both parties filed notices of having no objection to the Report and Recommendation. (Doc. 167); (Doc. 168). However, following her Report and Recommendation, the Magistrate Judge ordered each party to file a brief discussing whether Defendant Curry should be detained pending sentencing. (Doc 169). The provisions of 18 U.S.C. § 3143(a) govern the release of a defendant pending sentencing.

In this case, Defendant Curry faces a maximum term of imprisonment of 20 years. *See* 21 U.S.C. § 841(b)(1)(C). A defendant is subject to a mandatory remand if she is pending sentencing for a drug offense for which a term of imprisonment of 10 years or more is prescribed. *See* 18 U.S.C. §§ 3143(a)(2), 3142(f)(1)(C). However, a defendant may be released pending sentencing for such an offense if she can show "exceptional reasons why [] detention would not be appropriate." 18

U.S.C. § 3145(c).

As ordered, Defendant Curry filed a brief detailing how she meets the "exceptional reasons" for why her detention pending sentencing would not be appropriate. (Doc. 175, p. 3 (quoting 18 U.S.C. § 3145(c))). Defendant Curry states in her brief that she has "been on pre-trial release without incident since her arrest." (*Id.* at p. 1). That, along with her age, her lack of prior criminal history, and her medical diagnosis, leads the Court to find that she "is not likely to flee or pose a danger to the safety of any other person if released." 18 U.S.C. § 3143(a); (Doc. 175, pp. 3–4). More specifically, Defendant Curry's lengthy account of her medical condition, her strict medical treatments, and her upcoming surgery, all present further "exceptional reasons" why detention pending sentencing would not be appropriate. 18 U.S.C. § 3145(c); (Doc. 175, pp. 3–5); *see also* (Doc. 175, pp. 7–12 (submissions detailing Defendant Curry's medical records and upcoming appointments and medical office visits).

As ordered, the Government also filed a brief on the issue of whether Defendant Curry should be detained pending sentencing. (Doc. 179). In its brief, the Government states that after reviewing Defendant Curry's brief it "does not oppose" her release pending sentencing. (*Id.* at p. 1). Therefore, it is **ORDERED** that Defendant Curry shall be released pending sentencing subject to the conditions of release previously set by the Court. (Doc. 65).

It is **FURTHER ORDERD** that the Magistrate Judge's Report and

Recommendation (Doc. 165) concerning Defendant Saundra Curry's plea of guilty

is **ADOPTED**. The Court accepts Defendant Curry's plea of guilty as to Count 1

of the Indictment (Doc. 48), and she is adjudged guilty of this offense.

## O R D E R   S E T T I N G   S E N T E N C I N G

The Court **ORDERS** as follows:

**Please read this order carefully.**

1.      **Sentencing:**  Sentencing of the defendant is hereby set for **January 6, 2025**, at **10:00 AM**, at the Frank M. Johnson, Jr. United States Courthouse, One Church Street, Montgomery, Alabama.

2.      **Objections to Presentence Report:**  In accordance with Rule 32(f)(1), *Federal Rules of Criminal Procedure*, counsel for the defendant and the Government shall communicate in writing to the probation officer, and to each other, any objections they have as to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the Presentence Report. The probation officer will notify parties of the objection deadline and will schedule a conference to discuss and resolve, if possible, any factual and legal issues contained in the presentence report. **The Court will deem any untimely objections to be waived, absent a good cause showing.**

3.      **Departure/Variance Requests:**  Any motion for departure or motion for variance shall be filed on or before the conference date with the probation officer, unless based on unknown and unforeseen circumstances arising after that date, in which case the motion must be filed promptly upon discovery of such circumstances.  **Counsel shall not embed a departure or variance request within a sentencing memorandum unless it is accompanied by a separate motion.**

4.      **Hearing Length:**  Counsel for the defendant and the Government shall notify the Court at least **fourteen (14) calendar days** prior to the sentencing

date if the hearing will require the presentation of witness testimony and if the hearing is anticipated to take longer than one hour.

5.    **Continuances:**  Continuances are strongly disfavored. Any motion for a continuance because of a scheduling conflict or the need for additional time to prepare shall include at least 4 dates and times on which the parties agree the Court can reset the sentencing.

6.    **Motions:**  Government and defense motions shall be filed **seven (7) calendar days** before sentencing. **These motions shall be filed as separate motions and shall not be embedded within the sentencing memorandum.**

7.    **Sentencing Memorandums:**  Sentencing memoranda **<u>ARE NOT</u>** required. However, any party desiring to file a sentencing memorandum must do so, along with any attachments, not less than **seven (7) calendar days** before sentencing, with copies served on opposing counsel and the probation officer assigned to the case. The memorandum need not be complicated and may state the party's position about the appropriate sentence without elaboration.

8.    **Sentencing Exhibits:**  Any paper exhibit that a party may offer at the sentencing hearing, except for exhibits necessary to rebut or respond to another party's sentencing memorandum or arguments at the hearing, shall be filed as an attachment to the sentencing memorandum (*see* paragraph 7 above). As to physical evidence that may be offered at the sentencing hearing, the offering party shall attach a photograph of the physical evidence to the sentencing memorandum. Any storage media (*e.g.*, CDs, DVDs) that may be offered at the sentencing hearing shall be filed conventionally, along with an electronically filed notice of conventional filing. **Video and audio exhibits shall be filed with the Court at least seven (7) calendar days before the hearing to afford the Court time to view/listen to the recording in advance of the hearing.**

9.    **Introduction of Exhibits at Sentencing:**  If a copy of an exhibit was filed in accordance with paragraphs 7 and 8 of this Order, that exhibit need not be separately offered at the hearing.  Unless there is a written objection filed **at least two (2) calendar days** before the hearing, all exhibits attached to any sentencing memorandums are deemed admitted and may be considered by the Court.

10.    **Letters:**  The Court strongly prefers that any written letters or personal statements be filed as exhibits to the sentencing memorandums and not mailed or emailed to chambers. Letters that are mailed or emailed to chambers are

Case 2:24-cr-00287-TES-JTA   Document 183   Filed 10/02/24   Page 5 of 5

highly unlikely to be reviewed before the sentencing hearing. The Court will not accept letters at the sentencing.

11.     **Redactions:** The parties shall comply with Rule 49.1 of the Federal Rules of Criminal Procedure and refrain from including, or shall partially redact where inclusion is necessary, personal data identifiers from all filings with the court, including exhibits, whether filed electronically or in paper, unless otherwise ordered by the Court. The responsibility for redacting these personal identifiers rests solely with counsel and the parties.

12.     Do not send courtesy copies to the Court.

The Clerk of the Court is **DIRECTED** to provide a court reporter.

Nothing contained in this Order shall be construed as impairing the rights of any party as established in the United States Constitution or laws of the United States.

**DONE** this the 2nd day of October, 2024.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

5